**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Darringer Funches,  Civil No. 08-5938 (DWF/SRN)

      Plaintiff,

v.  **MEMORANDUM**
**OPINION AND ORDER**

Jeremiah Program and Lynae Fuglie,

      Defendants.

---

Stephen W. Cooper, Esq., Stacey R. Everson, Esq., The Cooper Law Firm, Chartered, counsel for Plaintiff.

Gregory A. Zinn, Esq., Mahoney, Dougherty and Mahoney, P.A., counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court on Defendants' motion for summary judgment on Plaintiff's federal-law claims (Doc. No. 9). For the reasons stated below, this Court grants the motion and also dismisses without prejudice Plaintiff's state-law claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Darringer Funches, an African-American male, was employed as an assistant preschool teacher by Defendant Jeremiah Program, a day-care provider. Funches alleges that he expressed concerns to his supervisors that one of the Program's students used racially-offensive terms regarding, and engaged in other racially-offensive behavior toward, African-Americans. Plaintiff disagreed with Defendants' proposed

remedies for the child's behavior. (For example, Defendants allegedly decided that they would have the child's mother speak with Funches when she arrived in the mornings so that her child would observe her interacting with African-Americans.) Defendant Lynae Fuglie, the Director of the Program's Child Development Center, terminated Funches on November 12, 2007.

Funches filed his Complaint–alleging violations of Title VII of the Civil Rights Act of 1964 as well as of Minnesota law–in federal court without having first filed an administrative charge with the Equal Employment Opportunity Commission (EEOC).[1] Defendants moved for summary judgment on Plaintiff's Title VII claims, contending that Plaintiff failed to exhaust his administrative remedies. (Doc. No. 9.) Contingent on being granted that relief, they further seek the dismissal of Plaintiff's state-law claims.

## DISCUSSION

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Shempert v. Harwick Chemical Corp.*,

---

[1] Funches' Complaint includes seven counts. Counts One and Two are each based on both violations of Title VII as well as violations of the Minnesota Human Rights Act, Minn. Stat. Ch. 363A. (Doc. No. 1.) Counts Three through Seven are based on Minnesota common law. (*Id.*)

2

151 F.3d 793, 796 (8th Cir. 1998) (affirming grant of summary judgment on Title VII claims).

I.  **Title VII Prerequisites**

"Under Title VII, an administrative charge must be filed within 180 days of the alleged discriminatory incident." *Shempert*, 151 F.3d at 796.[2] There is no dispute here that Funches did not first file with the EEOC before proceeding with the present action in federal court. Funches contends, however, that this omission does not preclude the present action because not only is the filing of an administrative charge with the EEOC not jurisdictional, it is within this Court's equitable discretion whether to permit the action to proceed in the absence of any such filing.

Funches concedes that he is not aware of any authority directly supporting his position and this Court has likewise found none. Granted, "[t]he filing of a timely charge with the EEOC is 'a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling.'" *Shempert*, 151 F.3d at 797 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). But "[a]s a general rule, equitable tolling is a remedy reserved for circumstances that are 'truly beyond the control of the plaintiff.'" *Id.* at 797-98.

Here, Funches admits that he intentionally bypassed the EEOC procedure because it would have amounted only to a pointless formality of exchanging letters with the

---

[2] In *Shempert*, there was no state or local counterpart to the EEOC, such that the filing period was 180 days. *Id.* at 796 n.3.

EEOC. But "'[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" *Id.* at 797 (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)). Thus equitable tolling is not justified where the circumstances of filing a charge were "[a]t no point" out of a plaintiff's control. *Id.* at 798.

Here too, this Court cannot invoke equity to countenance Plaintiff's unilateral decision to bypass long-standing EEOC procedure. Accordingly, the Court grants summary judgment with respect to that portion of Counts One and Two premised on Title VII claims.

## II. Supplemental Jurisdiction

Defendants also argue that this Court should exercise its discretion under 28 U.S.C. § 1367(c) and refrain from retaining Plaintiff's state-law claims. Funches contends, however, that his claim under Minnesota's Human Rights Act is analogous to his Title VII claim, such that this Court would likely not lack familiarity with the basic issues of that state-law claim. But neither would the Minnesota state courts be unfamiliar with such actions. Nor would this Court have any better familiarity with or expertise on the remaining common law claims.

This Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims because the grant of summary judgment on Plaintiff's Title VII claims removes any basis for original federal subject matter jurisdiction. 28 U.S.C. § 1367(c)(3); *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004). Accordingly, Plaintiff's

state-law claims are dismissed without prejudice to their being brought in an appropriate state court.

## CONCLUSION

Although the EEOC filing requirement is not jurisdictional, but rather a precondition to bringing an employment discrimination action in federal court, a Title VII plaintiff may not unilaterally choose to bypass the administrative remedial scheme established by Congress even if he reasonably believes that process would be a mere formality. Lacking any federal question (or diversity) basis for subject matter jurisdiction, this Court declines to exercise its supplemental jurisdiction over the remaining state-law claims.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment (Doc. No. 9) is **GRANTED** (insofar as it seeks judgment on Plaintiff's federal-law claims); and

2. Plaintiff's state-law claims are **DISMISSED WITHOUT PREJUDICE** (to their being filed in an appropriate state court).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 9, 2009
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge